[No. 13863.   Department Two. — December 17, 1891.]

E. H. FORRESTER ET AL., APPELLANTS, *v.* J. A. SCOTT, RESPONDENT.

RAILROAD GRANTS — RIGHTS OF ATLANTIC AND PACIFIC AND SOUTHERN PA-
    CIFIC COMPANIES. — The Atlantic and Pacific Railroad Company, not
    having constructed any railroad in the state of California, never had
    either a present or prospective right to any indemnity or lieu lands
    within the state of California; and land in said state within the primary
    limits and terms of the grant of March 3, 1871, to the Southern Pacific
    Company, which constructed a branch line of road from Tehachapi Pass,
    by way of Los Angeles, to the Texas Pacific railroad, at or near the Col-
    orado River, and performed all the conditions of said grant necessary to
    entitle it to a patent, passed by a perfect title to the Southern Pacific
    Company, which attached to specific land at the date when the map of
    the definite location of the road was filed in the office of the commissioner
    of the general land-office, notwithstanding said land may have been
    within the indemnity limits of the prior grant to the Atlantic and Pa-
    cific company.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Joseph D. Redding, Waters & Gird,* and *Byron Waters,* for Appellants.

*H. C. Rolfe,* for Respondent.

VANCLIEF, C. — It is alleged in the complaint in this action that in May, 1886, the defendant wrongfully excavated a water-ditch upon and across the east half of the east half of section 19, township 1 north, range 5 west, San Bernardino base and meridian, then and now the property of the plaintiffs. The prayer of the complaint is, that defendant be enjoined perpetually from maintaining or using the ditch upon the land described, and that the ditch be abated, etc. Judgment passed for the defendant, and plaintiffs appeal from the judgment, and from an order denying their motion for a new trial.

The court found that the plaintiffs were never the owners of nor entitled to the possession of the land described, or any part thereof. Whether or not this finding is justified by the evidence is the only question presented or necessary to be considered on this appeal.

The plaintiffs claim title to the land under a grant of the United States to the Southern Pacific Railroad Company on March 3, 1871, evidenced by the twenty-third section of an act of Congress of that date, entitled "An act to incorporate the Texas Pacific Railroad Company, and for other purposes." (16 Stats. at Large, 573.) This grant was made in aid of the construction of a branch line of road from "Tehachapi Pass, by way of Los Angeles, to the Texas Pacific railroad, at or near the Colorado River." The rights, privileges, conditions, limitations, and restrictions of this grant were the same as those of the grant to the Southern Pacific Railroad Company by the act of July 27, 1866, entitled "An act granting lands to aid in the construction of a railroad and telegraph line from the states of Missouri and Arkansas to the Pacific coast" (14 Stats. at Large, 292), except that it contained an express proviso "that this section 23, of the act of March 3, 1871, shall in no way

affect or impair the rights, present or prospective, of the Atlantic and Pacific Railroad Company, or any other railroad company."

It was admitted on the trial that the land in suit is within the primary (twenty miles) limits of said grant of March 3, 1871, to the Southern Pacific Company, and also within the indemnity (thirty miles) limits of the grant to the Atlantic and Pacific Railroad Company, but not within the primary (twenty miles) limits of the latter company; also, that each of these railroad companies accepted the grant made to it according to the terms and provisions of said acts of Congress of July 27, 1866, and of March 3, 1871; also, that more than one thousand acres within the primary limits of the Atlantic and Pacific company's grant had been sold and disposed of by the United States prior to the date of said grant, for which no indemnity has been selected; that the Atlantic and Pacific company never constructed any railroad in the state of California, and that the Southern Pacific Company did construct that section of its road adjoining the land in controversy within the time designated in said acts of Congress, which section of the road was accepted by the commissioners of the United States, and that their acceptance was approved by the President of the United States, as provided for in said acts.

The plaintiffs proved by proper official certificates of the register and receiver of the United States land-office at Los Angeles, California, and of the United States surveyor-general, that prior to April 5, 1885, and after the construction of its road as aforesaid, the Southern Pacific Railroad Company selected the land in question, with other lands, for patent, and filed a list thereof with said register and receiver, which was allowed and approved, and paid the fees payable to the register and receiver, amounting to $181.50 on the whole list; and also, on April 4, 1885, paid to the surveyor-general of the United States for the state of California the sum of $489.24 as cost of survey, and $163.08 for office-work, which sums were in full of the costs of survey and office-work for the lands described in said list.

The plaintiffs also proved its contract to sell the land in question to the plaintiff Forrester, for the sum of $2,400, to be paid in installments, the first of which — $614.40 — was paid in advance. This contract was dated January 3, 1885.

The defendant makes no claim to the land, and there is no question that plaintiffs are entitled to the relief prayed for, if they owned the land when this suit was commenced.

1. It is contended that the land in question did not pass to the Southern Pacific Railroad Company by the act of March 3, 1871, because it was then subject to the prospective rights of the Atlantic and Pacific Railroad Company by the effect of the proviso contained in section 23 of that act, above set out. It is unnecessary to discuss the merits of this point, since it was fully considered and overruled by the circuit court of the United States for the southern district of California in the case of *United States* v. *Southern Pac. R. R. Co.*, 39 Fed. Rep. 132, wherein it was expressly decided that the Atlantic and Pacific Railroad Company never had either a present or prospective right to any indemnity or lieu lands within the state of California. This decision was rendered (May, 1889) on a demurrer to the complaint, which stated all the facts and acts of Congress relative to the rights of the Atlantic and Pacific Railroad Company, substantially as they appear in this case. A final decision on the merits, as disclosed by the pleadings and evidence, was rendered in the same case in April, 1891 (not yet reported), which establishes a perfect title in the Southern Pacific Railroad Company to all odd sections of land within the primary limits of the grant of March 3, 1871, not within the exceptions to that grant, upon substantially the same state of facts admitted and proved in the case at bar, except that no patent appears to have been issued for the land in question in this suit.

2. It appears in this case by the admissions of the parties and uncontradicted evidence that the Southern Pacific Railroad Company had performed, on its part,

all the conditions of the grant of March 3, 1871, necessary to entitle it to a patent for the land in suit, prior to the fifth day of April, 1885, and more than one year prior to the digging of the ditch in question by the defendant. A map of the definite location of the line of the road was filed with the commissioner of the general land-office on April 3, 1871. The road (branch road) was completed and accepted by the commissioners in December, 1877, whose favorable report was afterwards approved by the President of the United States. A patent for the land was demanded, and the costs of survey and fees for office-work were paid, as above stated, on April 4, 1885. .

There is no pretense that the land falls within any exception to the grant, other than the proviso in favor of the Atlantic and Pacific Railroad Company, above considered and disposed of.

From the foregoing facts it follows as matter of law that the Southern Pacific Railroad Company had the legal title to the land in suit before and at the time the defendant dug the ditch in question, by virtue of the Congressional grant of March 3, 1891, though no patent has been issued. That grant was *in præsenti,* the words of it being " that there be and hereby is granted," etc. (Act of July, 1866, secs. 3, 18; 14 Stats. at Large, sec. 292; Act of March 3, 1871, sec. 23; 16 Stats. at Large, sec. 573), and attached itself to the particular piece of land in suit on April 3, 1871, when the map of the definite location of the road was filed in the office of the commissioner of the general land-office. (*Denny* v. *Dodson,* 32 Fed. Rep. 899; *Rutherford* v. *Greene's Heirs,* 2 Wheat. 196; *McLaughlin* v. *Menotti,* 89 Cal. 354.) In *Denny* v. *Dodson,* 32 Fed. Rep. 899, it was decided that the plaintiff was entitled to recover in an action of ejectment upon a title similar in all respects to that of the plaintiff in this action, derived from the congressional grant of July 2, 1864, to the Northern Pacific Railroad Company. (13 Stats. at Large, 367.)

I think, therefore, that the finding of the trial court in

this case, that " the plaintiffs were not, nor was either of them, at the commencement of this action, . . . . or at all, the owners or owner, nor entitled to the possession, of the premises " described in the complaint, is not justified by the evidence; and that for this reason the judgment and order should be reversed, and a new trial ordered.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.