## CHARLTON v. SOUTHERN PACIFIC R. CO.

### No. 14,921; August 25, 1893.

#### 33 Pac. 1119.

**Quieting Title.**—Mere Possession of Land Within the Limits of a grant to a railroad company, which had complied with the terms of the grant, but had not received a patent from the United States, will not enable such person to maintain an action to quiet title against the railroad company, where he does not show that he was qualified to take land under the pre-emption or homestead laws, or that he settled on it with the intention of filing a pre-emption or homestead claim.

APPEAL from Superior Court, Los Angeles County; William P. Wade, Judge.

Action by G. G. Charlton against the Southern Pacific Railroad Company to quiet title. There was a judgment in favor of defendant and plaintiff appeals. Affirmed.

Conklin & Dunlap for appellant; Jos. D. Redding and J. D. Bicknell for respondent.

BELCHER, C.—The plaintiff commenced this action on September 30, 1890, to quiet his title as against the defendant to a tract of land in Los Angeles county, described as "fractional section 7, in township 2 north, range 16 west, San Bernardino base and meridian." The complaint alleged "that the plaintiff is now, and for a long time hitherto has been, in the possession of and is the owner (subject only to the paramount title of the United States) of that certain real property situate," etc. The answer denied the plaintiff's possession or ownership of the land described, subject only to the paramount title of the United States, admitted that defendant claimed an interest in and to said property adverse to the plaintiff, and denied that its claim was without right. It then alleged, in substance, that the land in controversy was granted to defendant by act of Congress of March 3, 1871; that a map of definite location of the grant, including the land in controversy, and showing the same to be within the twenty-mile limit of the grant, was filed by defendant in the office of the commissioner of the general land office on April 3, 1891, and that defendant completed its railroad opposite to the said land in 1876; "that by reason of the aforesaid acts this defendant is the owner of the land in controversy, and is entitled to the patent therefor"; "that the said lands and premises have never been finally and completely surveyed by the proper officers of the United States, so that a patent therefor could issue, but this defendant is informed and believes, and so states the fact to be, that, when the proper returns of the survey of said lands are made, a patent will forthwith issue for the said lands and premises to this defendant." The case was tried without a jury, and the court found: "(1) The plaintiff was not at the time of filing the complaint herein, or for any length of time prior thereto, and is not now, the owner or in possession, subject to the paramount title of the United States, of the land described in the complaint, or any portion thereof;

(2) The land described in the complaint is unsurveyed government land, and within the twenty mile or granted limits of the grant to the Southern Pacific Railroad Company, the defendant herein, made by Congress of the United States, on March 3, 1871; that said grant was duly located by a map of definite location, which was filed by the defendant in the office of the commissioner of the general land office on April 3, 1871; that said map of definite location included the land in controversy, and showed the same to be within the granted limits of said grant to the defendant herein; that the defendant completed its railroad from a point at or near Tehachapi Pass, by way of Los Angeles, to Fort Yuma, opposite the land in controversy, in the year 1876, and had its road fully equipped and in running order in the said year, and has continued to have its road in such condition ever since." Judgment followed in favor of defendant, from which, and from an order denying a new trial, the plaintiff appeals.

In support of the appeal it is contended that the findings do not respond to or cover all the issues raised by the pleadings, and that the first finding, if construed to mean that the plaintiff was not in possession of the premises in controversy at the time the action was commenced, is not sustained by the evidence, and hence that the judgment and order should be reversed.   The second finding is not assailed on the ground that the evidence was insufficient to justify it.   The only evidence brought up in the record is that of the plaintiff.   He testified: "I reside upon fractional section seven," etc.   "At the time the complaint in this action was filed, I was in possession of all the premises described therein.   I have been in possession of it ever since October, 1889.   I am cultivating the land, and raising bees. . . . . I know that this land is a part of section seven, for the reason that it has been surveyed, and there is a section corner stake at the southwest part of the land.   It is along the border of the San Fernando grant. I believe the survey has been returned, but do not know of my own knowledge.   An officer at Washington informed me so."   The case then seems to be this: The plaintiff took possession of the land in controversy, and when he had occupied it for less than a year commenced this action to have his title to it quieted.   It does not appear that he had the qualifications necessary to enable him to take up any land under the

pre-emption or homestead laws, or that he settled upon this land with any intention to ever file a pre-emption or homestead claim on any part of it. He is in no way in privity with the title, but relies only on his naked possession. Prior to the time of the trial the section had probably been surveyed in the field, but the plat of the survey had not been returned, approved, and filed. The defendant has a grant from the government of all the odd-numbered sections, with certain specified exceptions, within the limits of twenty miles on each side of its railroad. The section in controversy is within the twenty-mile limit, and not, so far as appears, within any of the exceptions. The grant was one in praesenti, and a complete title to the granted sections vested in the grantee as soon as the line of its road was definitely located, and the sections identified by government survey: Forrester v. Scott, 92 Cal. 398, 28 Pac. 575; Jatunn v. Smith, 95 Cal. 154, 30 Pac. 200, and cases cited. The line of the road opposite this land was definitely located in 1871, and the road was fully constructed and put in running order in 1876. Counsel for appellant say in their brief: ''Plaintiff, being in possession of the land in controversy, brought this action for the purpose of determining whether the government or defendant was the owner of the fee.'' The case was evidently tried upon the theory on both sides that the land in controversy was then, or would be when fully surveyed, an odd-numbered section, and we shall therefore so regard it. This being so, it was immaterial for the purposes of the case whether the fee still remained in the government or had passed to the defendant. Unquestionably the defendant had an estate or interest in the land, which was superior and paramount to any right the plaintiff had by reason of his mere possession. The first finding was, in effect, that the plaintiff was not the owner or in possession of the land, subject only to the paramount title of the United States; and this finding was, in our opinion, fully justified. We advise, therefore, that the judgment and order be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.